AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Terrian J. Knight<br><br>*Defendant(s)* | Case No.  8:19MJ2034-AEP |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 30, 2019__ in the county of __Pinellas__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Being a felon in possession of a firearm |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

ATF SA Jason Wetherington
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/1/19

_____
Judge's signature

City and state:  Tampa, Florida

ELIZABETH A. JENKINS, U.S. Magistrage Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Jason Wetherington, being duly sworn, depose and state:

1. I am a Special Agent with the U.S. Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been employed by ATF since February 2016. I have completed the Federal Law Enforcement Training Centers training course for Investigators and ATF's Special Agent Basic Training. During this training, I learned federal firearm statutes as well as other violations of the United States Code, including violent crimes and narcotic offenses.

2. I submit this affidavit in support of a criminal complaint charging Terrian J. Knight with committing the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

3. This affidavit is based on my personal knowledge, information from my fellow law enforcement officers (particularly from the St. Petersburg Police Department (SPPD)), and other reliable sources. This affidavit is only for a limited purpose, that is, to demonstrate that probable cause exists that Knight committed the crime alleged. I have not included every fact known but just those necessary to demonstrate that probable cause exists.

## PROBABLE CAUSE

4. All of the events described below occurred in St. Petersburg, Florida, in the Middle District of Florida.

5. Knight, an individual known to law enforcement officers as a suspect in several previous robberies, was observed by SPPD Undercover Detective Stan

Maybell at approximately 10:10 pm walking east along 18th Street South from his residence located at 655 18th Street South, Apartment 6, St. Petersburg, Florida.

6. Detective Maybell then observed Knight change direction, walking north to the Family Dollar located at 1701 4th Street South, St. Petersburg, Florida. Detective Maybell followed, surveilling Knight. Detective Maybell observed Knight stay near a wooded area concealing himself near the parking lot just south of the Family Dollar.

7. At approximately 11:45 pm, SPPD Detective Maybell observed the Family Dollar Assistant Manager David C. Schroeder walk from the front door of the Family Dollar to his truck in the parking lot south of the Family Dollar building. Detective Maybell observed Knight come out from the wooded shrubs directly to Schroeder demanding money and truck keys. Detective Maybell observed Schroeder throw his wallet and truck keys. Subsequently, Knight fired a shot past Schroeder using a handgun.

8. Knight then ordered Schroeder to lie face down on the pavement in the Family Dollar parking lot and struck Schroeder in the back of the head with the handgun. Knight then proceeded to search Schroeder's pockets. Detective Maybell then observed Knight fire two gunshots in Schroeder's backside, then flee the scene to the west.

9. SPPD K-9 Officer Eric Smith observed Knight fleeing from the scene and released his police canine in pursuit of Knight. Knight observed the police canine in pursuit and jumped over a fence inside a retention pond area west of the

Family Dollar. SPPD held a perimeter around the retention pond area and contacted the SPPD Special Response Team (SRT) for assistance with the apprehension of Knight.

10. On July 31, 2019, at approximately 3:20 am, ATF Special Agent Jason Wetherington and SPPD Detective Colt Smith interviewed Schroeder at the hospital. In summary, Schroeder stated that he walked outside of Family Dollar after closing time at approximately 11:30 pm on July 30, 2019, and locked the building. He walked towards his truck parked in the Family Dollar parking lot on the south side of the building when a man came out from the area east of the retention pond next to the Family Dollar and attempted to rob Schroeder. The robber held a handgun in his right hand and instructed Schroeder to get on the ground, empty his pockets, and hand over his money and his truck keys. Schroeder got on the ground, but then stood back up and tossed his wallet and keys where the robber could not get them. The robber ordered Schroeder back on the ground and fired a gunshot to the side of Schroeder intentionally missing him, and then used the handgun to hit Schroeder over the back of the head. Then the robber fired a gunshot striking Schroeder in the buttocks area, and then fired a second gunshot in the buttocks area. After the robber shot Schroeder, he fled the scene running west. Schroeder then got to his feet and ran east to the safety of responding SPPD officers.

11. At approximately 7:00 am on this same day, SPPD SRT apprehended Knight from the retention pond area. SPPD Detective Christine Kenney recovered a loaded Taurus Millennium G2, 9mm caliber pistol from the retention pond area.

SPPD crime scene technicians responded to Family Dollar to process the scene. While there, the technician took possession of a bullet and bullet casings.

12. At approximately 11:00 am that same day, Special Agent Wetherington, SPPD Detective Paul Etcheson, and Detective Smith conducted a post-*Miranda* interview of Knight at the SPPD Headquarters. In summary, Knight admitted to possessing the handgun SPPD recovered from the retention pond area behind the Family Dollar, attempting to rob the victim, and eventually shooting the victim twice, before fleeing the scene on July 30, 2019. Knight targeted the victim because he believed he would be carrying money from inside the store and he needed money. He jumped the fence behind the Family Dollar to flee from the SPPD canine running after him. He tossed the loaded pistol at some point on his route fleeing from the SPPD police canine.

13. I have consulted with ATF nexus expert and Special Agent John Cosentino regarding the place of manufacture of the firearm. In his opinion, SA Cosentino was able to determine that the Taurus firearm was manufactured in Brazil.

14. I have reviewed Knight's criminal history and determined that he is a multi-convicted felon, having been convicted for the following felony offenses, including, but not limited to, the following:

- Grand theft motor vehicle, in the Sixth Circuit, in and for Pinellas County, Florida (2008)
- Carrying a concealed firearm, in the Sixth Circuit, in and for Pinellas County, Florida (2009)

4

- Felon in possession of a firearm, in the Sixth Circuit, in and for Pinellas County, Florida (2009)

- Felon in possession of a firearm, in the Sixth Circuit, in and for Pinellas County, Florida (2012)

- Felon in possession of a firearm, in the Sixth Circuit, in and for Pinellas County, Florida (2012)

- Attempted burglary of a dwelling, in the Sixth Circuit, in and for Pinellas County, Florida (2012)

- Discharge of a firearm from a vehicle, in the Sixth Circuit, in and for Pinellas County, Florida (2012)

- Burglary of a dwelling, in the Sixth Circuit, in and for Pinellas County, Florida (2012)

- Grand theft ($300-$5,000), in the Sixth Circuit, in and for Pinellas County, Florida (2012)

15. I have reviewed records from the Florida Department of Corrections (FDOC) regarding Knight's past imprisonment history. According to FDOC records, Knight has spent two periods of time in FDOC custody of longer than a year. He was imprisoned from September 15, 2009, through April 13, 2011, on convictions for carrying a concealed firearm and being a felon in possession of a firearm. He was further imprisoned from October 9, 2012, through April 16, 2018, on convictions for being a felon in possession of a firearm (two charges), attempted burglary of a dwelling, discharge of a firearm from a vehicle, burglary of a dwelling, and grand theft ($300-$5,000).

5

## CONCLUSION

16. Based upon the foregoing, I submit that there is probable cause to believe that Terrian J. Knight committed the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

This completes my affidavit.

_____
Jason Wetherington
Special Agent, ATF

Subscribed and sworn before me
in Tampa, Florida this ___1___ day of August 2019.

_____
ELIZABETH A. JENKINS
United States Magistrate Judge